IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON | ) | No. 80506-1-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ANTHONY MICHAEL PALKO, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

HAZELRIGG, J. — Anthony Palko challenges the trial court's denial of his request for a first-time offender alternative sentence, claiming that that the trial court did not meaningfully consider his request. However, he acknowledges that his appeal is moot now that he has served his sentence. Because this court can no longer provide effective relief and Palko has not identified a question of continuing and substantial public interest requiring our review, we dismiss his appeal as moot.

FACTS

On June 19, 2019, Palko pleaded guilty to felony hit and run that occurred in February 2017. On August 20, 2019, the day of the sentencing hearing, Palko filed a sentencing memorandum requesting a first-time offender waiver under RCW 9.94A.650. The two-page memorandum stated that Palko was qualified for the first-time offender waiver and asserted that the program would (1) provide him

with help from a social worker to "navigate treatment resources"; (2) allow him to begin treatment in the community while under the supervision of the Department of Corrections; and (3) provide community supervision for "holding him accountable."

With the memorandum, Palko's attorney provided a six-page statement by Allison Osborne, a social worker with the public defender's office, describing Palko's history of trauma, addiction, and homelessness. In particular, Osborne described Palko's (1) childhood trauma and difficult family relationships; (2) drug use beginning as early as sixth grade and progressing to an opioid addiction; (3) homelessness before and after the February 2017 car accident; (4) significant injuries resulting from the accident; (5) hospitalization leading to a MRSA infection; and (6) use of crutches for three months while homeless after the accident. Osborne opined that Palko needed "resources and treatment" "to start on the pathway of recovery" and might benefit from a "medication assisted treatment program." She recommended "trauma informed therapy" to address "both his mental health and substance abuse issues" and pointed out that although homelessness had been his greatest obstacle to recovery, Palko had been offered a clean and sober transitional housing facility and just needed a housing voucher to begin the program. Osborne pointed out Palko's "desire to change his life and move forward on the path to recovery," and also volunteered to provide resources for Palko to complete any community service requirements and to facilitate his treatment plans.

At the hearing, the trial court admonished Palko's counsel for filing the recommendation "ten minutes before [the] hearing" and acknowledged that the court had "just skimmed the materials that [counsel] ha[d] given." The trial court then directed Palko's counsel to proceed. Palko's counsel requested the first-time waiver, identified the advantage of prioritizing treatment in the community, and pointed out that Osborn had just been "assigned to the case as of last week," but was present in the courtroom and available for "any questions about how she can assist Mr. Palko on a treatment plan or any other directive the Court would have for him."

When the trial court asked Palko if he would like to speak, the following exchange occurred:

> MR. PALKO: Yes, Your Honor. I would just like to say I know I did commit a crime, I guess, when I didn't stay at the scene of the accident, but I just wanted to apologize and plead mercy with the Court.
> THE COURT: You're currently under the influence, aren't you?
> MR. PALKO: No, I am wearing three undershirts. It's really hot in here.
> THE COURT: I'm just looking at your eyes.
> MR. PALKO: I've been crying.
> THE COURT: And your flushed face. So when I send you over for a UA and it comes back dirty, you're going to tell me what?
> MR. PALKO: No, it will come back dirty, but I'm under withdrawal.
> THE COURT: He's not going to get a first time offender waiver. This occurred in February of 2017, two years ago. I get a report from a social worker that says he would benefit from all this stuff. What has he done in two years to get a first time offender waiver, to give me that? He hasn't taken advantage of anything. He hasn't signed up for an assessment, he hasn't done any mental health, he hasn't done—hasn't applied for housing, he hasn't done anything that he's supposed to do or that he wants to do for two years. He's been out there in the community doing who knows what. And he shows up here under the influence. I mean, he needs treatment, most definitely. But he's had two years to activate that, to self-start. What

3

he's doing is self-medicating. That's not somebody that deserves a first time offender waiver.

The trial court imposed a standard range sentence of six months confinement.

Palko appeals.

ANALYSIS

Palko argues that the trial court did not meaningfully consider his request for a first-time offender waiver and that this Court should address his challenge despite its mootness. The State contends that the case is moot, the circumstances do not require an opinion from this Court, and Palko has not demonstrated an abuse of discretion justifying relief. We agree with the State.

An issue is moot if the court can no longer provide effective relief. In re Det. of Cross, 99 Wn.2d 373, 376-77, 662 P.2d 828 (1983). We have discretion to decide an appeal if the question is one of continuing and substantial public interest. State v. Beaver, 184 Wn.2d 321, 330, 358 P.3d 385 (2015). To determine whether a case presents an issue of continuing and substantial public interest, we consider the following essential factors: (1) the public or private nature of the question presented; (2) the desirability of an authoritative determination for the future guidance of public officers; and (3) the likelihood of future recurrence of the question. Id. We may also consider the level of adversity between the parties, the quality of advocacy of the issues, and the likelihood that issues in short-lived controversies will escape review. Id. at 331; Hart v. Dep't of Soc. & Health Servs., 111 Wn.2d 445, 448, 759 P.2d 1206 (1988). The exception for addressing moot issues is not broad, but "obtains only where the real merits of the controversy are

4

unsettled and a continuing question of great public importance exists." Sorenson v. City of Bellingham, 80 Wn.2d 547, 558, 496 P.2d 512 (1972).

Palko acknowledges that the trial court ordered him to begin serving his six-month confinement term immediately and that six months has passed since the August 20, 2019 sentencing hearing, such that his appeal is moot. It appears that was based on the court's conclusion that Palko was not deserving of the first time offender waiver because the judge believed that he was under the influence and had failed to seek housing or treatment evaluations during the two year pendency of the criminal case.[1] Palko does not explicitly address the essential factors for addressing moot issues, claiming only that the trial court's "disinclination" to grant an eligible person's request for a waiver—based on "a decades-long complaint about" late filings and a hasty presumption of that the defendant was under the influence[2]—justifies an opinion from this Court to "direct the trial court to fairly and equitably apply the statutory standards governing first time offender sentences and meaningfully consider requests from eligible people." While Palko is correct that

---

[1] While the court expressed concern that Palko had not made certain applications or obtained initial assessments, it seems to fail to recognize that sentencing him under the first time offender alternative and placing him on Department of Corrections supervision would have rendered Palko eligible to access other services and resources that are generally not available before conviction or absent DOC involvement. In light of Palko's documented challenges of homelessness, addiction, trauma and other medical issues, the increased accountability and access to resources of the proposed sentencing alternative may have directly addressed the very issues the court found problematic.

[2] We note that Palko's admission that he would provide a dirty UA does not necessarily mean that he was actively under the influence at the sentencing hearing. His explanation of his observable symptoms as the effects of withdrawal rather than immediately recent use is plausible. Detection of morphine and heroin in UA testing may generally "indicate use within the last two to three days," whereas the overall effects of both heroin and morphine generally wear off in less than five to six hours and withdrawal effects after regular use "can begin within 6-12 hours after the last dose and may last 5-10 days." See FIONA J. COUPER & BARRY K LOGAN, DRUGS AND HUMAN PERFORMANCE FACT SHEETS 73-78 (U.S. Dept. of Transp., Nat. Highway Traffic Safety Admin., 2004). https://www.wsp.wa.gov/breathtest/docs/webdms/DRE_Forms/Publications/drug/Human_Performance_Drug_Fact_Sheets-NHTSA.pdf

a general complaint about late filings in criminal cases is not a proper basis for a judge to decline to consider appropriate sentencing alternatives to each individual defendant, he does not argue or demonstrate that existing case authority fails to sufficiently so direct sentencing courts. He does not suggest that this case involves a question of constitutional or statutory interpretation or that sentencing courts need additional guidance to properly evaluate eligibility for the first-time offender waiver. Palko does not contend that the concerns he raised are likely to reoccur. Cf., Beaver, 184 Wn.2d at 330-31 (all factors weighed in favor of deciding moot issue of whether due process required finding of current mental illness before revocation of conditional release of insanity acquittee).

As the State points out, the trial court exercised its broad discretion in imposing a legal sentence in this case. Because Palko has not presented a controversy in which the real merits are unsettled, review of his moot claim is not justified.

Dismissed.

WE CONCUR:

Andrus, A.C.J.